# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY K. DAVIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 12-00679-B |
| | * | |
| CAROLYN W. COLVIN,[1] | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Plaintiff Johnny K. Davis (hereinafter "Plaintiff") brings this action seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. On October 24, 2013, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 22). Thus, the action was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. A hearing was conducted in this matter on November 12, 2013, before the undersigned Magistrate Judge. (Doc. 27). Upon careful consideration of the administrative record and the memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner be **REVERSED** and **REMANDED**.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.      **Procedural History**

Plaintiff filed an application for disability insurance benefits on December 11, 2008, and alleged that his disability commenced on September 2, 2008. (Tr. 116, 144). Plaintiff's application was denied at the initial stage on April 1, 2009. (Id. at 59). He filed a timely Request for Hearing, and on March 3, 2010, Administrative Law Judge Maria Kusznir (hereinafter "ALJ") held an administrative hearing, which was attended by Plaintiff, who provided testimony, and Plaintiff's attorney. (Id. at 31). A vocational expert ("VE") also appeared at the hearing and provided testimony. (Id. at 48). On July 21, 2010, the ALJ issued an unfavorable opinion finding that Plaintiff is not disabled. (Id. at 27). The Appeals Council denied Plaintiff's request for review on August 30, 2012. (Id. at 1). Thus, the ALJ's decision dated July 21, 2010, became the final decision of the Commissioner. Having exhausted his administrative remedies, Plaintiff timely filed the present civil action. (Doc. 1). The parties agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

II.     **Issues on Appeal**

    A.  Whether the ALJ's vocational findings and determination that Plaintiff can perform other work is supported by substantial evidence?

    B.  Whether substantial evidence supports the ALJ's reasoning for discrediting Plaintiff's complaints of pain?

    C.  Whether the ALJ erred in substituting her own medical evaluation for that of Plaintiff's treating physician and failed to conduct a full and fair hearing?

    D.  Whether the Appeals Council failed to adequately examine the additional evidence submitted by Plaintiff?

III.    **Factual Background**

Plaintiff was born on July 26, 1971, and was thirty-eight years of age at the time of his administrative hearing. (Tr. 38). Plaintiff earned a high school diploma and has past work experience as a construction supervisor[2] and a forklift operator. (Id. at 38-41). According to Plaintiff, he originally injured his back in 2004 when he bent over to nail stakes in the ground and could not straighten back up. (Id. at 41). Plaintiff reinjured his back on the job in March 2008. (Id. at 41-42). Following the re-injury, Plaintiff continued to work on light duty until his physician "took [him] off of work" in September 2008. (Id. at 42). Plaintiff testified that after he stopped working, he had a series of three epidural blocks that helped "only a little." (Id. at 43). At the time of the hearing, Plaintiff was taking Soma for muscle relaxation and Lortab for pain. (Id. at 43-44). Plaintiff testified that he experienced no side effects from Soma but that Lortab made him drowsy. He added that he "sleep[s] all the time." (Id. at 44-45).

Plaintiff contends that he cannot work because of his back pain, which he described as a six or seven out of ten on a "normal" day and a ten or above on his "worst" days. (Id. at 45). According to Plaintiff, his "worst" days account for about twenty out of thirty days. (Id.). Plaintiff further testified that he can only sit, walk, or stand for ten to fifteen minutes at a time because of his pain and that he cannot bend at all. (Id. at 46).

## IV.    Analysis

### A.    Standard of Review

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by

---

[2] Plaintiff testified that he supervised and was part of a three-man crew that built clay tennis courts and installed lights and fencing. (Tr. at 39-40).

substantial evidence and 2) whether the correct legal standards were applied.[3] Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla, but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. Dist. LEXIS 10163, *4 (S.D. Ala. June 14, 1999).

**B.     Discussion**

An individual who applies for Social Security disability benefits must prove his disability. 20 C.F.R. §§ 404.1512, 416.912. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); see also 20 C.F.R. §§ 404.1505(a), 416.905(a). The Social Security regulations provide a five-step

---

[3] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

4

sequential evaluation process for determining if a claimant has proven his disability.[4] 20 C.F.R. §§ 404.1520, 416.920.

### 1. ALJ's Decision

In the case *sub judice*, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 2, 2008, the alleged onset date, and that that he has the severe impairments of disorders of the lumbar spine, including degenerative disc disease at L4-L5 and lumbar strain, and obesity. (Tr. at 20). The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the listed impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.).

The ALJ concluded that Plaintiff retains the residual functional capacity (hereinafter "RFC") to perform a range of sedentary work, with the following limitations: Plaintiff is limited to occasionally performing all posturals, is to avoid moderate exposure to hazards, is to avoid pushing/pulling with lower extremities, and must have a sit/stand option. (Id. at 21). The ALJ also determined that while Plaintiff's medically determinable impairments could reasonably be

---

[4] The claimant must first prove that he or she has not engaged in substantial gainful activity. The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience. If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work. Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. Id. Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work history. Sryock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985). If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

expected to produce the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of the alleged symptoms were not credible to the extent that they were inconsistent with the RFC. (Id. at 22).

The ALJ concluded that Plaintiff's RFC precludes him from performing any of his past relevant work. (Id. at 26). However, the ALJ found that given Plaintiff's residual functional capacity for a range of sedentary work, as well as his age, education, work experience, and the testimony of the VE, he can perform the requirements of representative occupations such as "factory hand worker" (DOT #782.682-022), "interviewer" (DOT #205.362-014), and "production inspector" (DOT #784.687-042). (Id. at 27). Thus, the ALJ concluded that Plaintiff is not disabled. (Id.).

> **2. Issue: Whether the ALJ's vocational findings and determination that Plaintiff can perform other work is supported by substantial evidence?** [5]

In his brief, Plaintiff argues that the ALJ erred at step five of the sequential evaluation process by relying on testimony from the VE regarding other jobs that exist in significant numbers in the national economy that Plaintiff could perform. Plaintiff maintains that the VE's testimony conflicted with the DOT, but the ALJ never required the VE to address the conflicts, nor did the ALJ explain how the conflicts were resolved before she relied on the VE's testimony. (Doc. 16 at 11). Defendant responds that the ALJ fulfilled her duty to inquire whether the VE's opinion was consistent with the DOT, and the VE responded that his testimony was consistent with the DOT. (Doc. 19 at 13-14). Defendant maintains that, while SSR 00-4p further requires the ALJ to elicit a reasonable explanation for any "*apparent* unresolved conflict" between the VE's testimony and the DOT, nothing in SSR 00-4p requires the ALJ to independently confirm

---
[5] Because this issue is dispositive of the case and does not concern medical evidence, the Court does not find it necessary to summarize the medical evidence.

that a VE's testimony is consistent with the DOT when the conflict is not apparent and Plaintiff does not challenge the VE's testimony. (Id.).

"In a disability determination, once a claimant proves that [he or] she can no longer perform [his or] her past relevant work, the burden shifts to the Commissioner 'to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.'" Jones v. Apfel, 190 F.3d 1224, 1228-29 (11th Cir. 1999) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). "Often, the Commissioner meets this burden by relying on the grids." Id. (citing Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995)). "When the claimant cannot perform a full range of work at a given level of exertion or the claimant has non-exertional impairments that significantly limit basic work skills, exclusive reliance on the grids is inappropriate." Id. "In such cases, the Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE." Id. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. Id. (citing McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987)).

In this case, the ALJ found that Plaintiff's severe impairments of disorders of the lumbar spine and obesity do not meet or medically equal any of the listed impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 20). As a result, the ALJ found that Plaintiff has the RFC to perform sedentary work as defined in 20 CFR 404.1567(a), except that Plaintiff "is limited to occasionally performing all posturals, is to avoid moderate exposure to hazards, is to avoid pushing/pulling with lower extremities, and must have a sit/stand option." (Id. at 21). At the administrative hearing, the ALJ posed a hypothetical to the VE containing all of the

limitations in the RFC and the added restriction of "unskilled" work,[6] and the VE testified that, given all of Plaintiff's impairments, he could perform three jobs which he described as: (1) "factory hand worker[,] sedentary, SVP of 2, unskilled[,] DOT number 782.682-022;" (2) [i]nterviewer[,] sedentary, SVP of 2, unskilled[,] [DOT number] 205.362-014;" and (3) "[p]roduction inspector[,] sedentary, SVP of 2, unskilled[,] [DOT number] 784.687-042." (Id. at 50, 53-54). Based upon the VE's testimony, the ALJ concluded that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and reached a finding of "not disabled." (Id. at 27).

Plaintiff argues, however, that the ALJ's decision is not supported by substantial evidence because the ALJ failed to resolve material conflicts in the evidence. Specifically, Plaintiff argues that not only did the VE's testimony conflict with the DOT, but the VE actually gave erroneous testimony regarding the DOT's exertional and/or skill levels associated with all three jobs. A review of the record reveals that Plaintiff is correct.

The first job identified by the VE, "factory hand worker" (DOT number 782.682-022), does not exist in the DOT, either by name or DOT number. With respect to the second job, "interviewer" (DOT number 205.362-014), the VE erroneously testified that the job has a DOT SVP level of 2 ("unskilled"), when in fact that job is described in the DOT as having an SVP of 5 ("skilled").[7] (Id. at 54). Finally, with respect to the third job, "production inspector" (DOT

---

[6] The ALJ expressly directed the VE to limit his testimony to "unskilled" jobs, and the ALJ relied upon three jobs that purportedly all had the SVP of 2 to find that there was other work Plaintiff could perform.

[7] The DOT lists a specific vocational preparation (SVP) time for each described occupation. "Using the skill level definitions in 20 CFR 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT." Figueroa v. Commissioner of Soc. Sec., 2013 U.S. Dist. LEXIS 111858, *14 n.6, 2013 WL 4029073, *5 n.6 (M.D. Fla. 2013) (quoting Social Security Ruling 00-4p).

number 784.687-042), the DOT describes this job as "light," but the VE testified that the DOT exertional level for this job is "sedentary." (Id.). Thus, Plaintiff is correct that the VE's testimony not only conflicted with the DOT, but was faulty with respect to the DOT descriptions for all three of the jobs identified by the VE, and relied upon by the ALJ.

In Jones, the Eleventh Circuit recognized that "the DOT 'is not the sole source of admissible information concerning jobs.'" Id., 190 F.3d at 1230. Therefore, "when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." Id. at 1229-30. Subsequent to Jones, however, the Social Security Administration issued SSR 00-4p (Dec. 4, 2000), which provides, in part, that:

> This Ruling clarifies our standards for the use of vocational experts (VEs) who provide evidence at hearings before administrative law judges (ALJs), vocational specialists (VSs) who provide evidence to disability determination services (DDS) adjudicators, and other reliable sources of occupational information in the evaluation of disability claims. In particular, this ruling emphasizes that before relying on VE or VS evidence to support a disability determination or decision, our adjudicators must:
>
> - Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), . . . and
>
> - Explain in the determination or decision how any conflict that has been identified was resolved.
>
> . . . Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

> . . . When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

SSR 00-4p, 2000 SSR LEXIS 8, 2000 WL 1765299.

Following the Jones decision, the Eleventh Circuit addressed SSR 00-4p in Leonard v. Commissioner of Soc. Sec., 409 Fed. Appx. 298, 300-01 (11th Cir. 2011), and held that, "[w]hen an apparent conflict between the VE's testimony and the DOT arises, . . . the ALJ 'must elicit a reasonable explanation for the conflict before relying on the VE['s testimony]" and must "[e]xplain . . . how any conflict that has been identified was resolved." Id. (quoting SSR 00-4p). In Leonard, the Eleventh Circuit reviewed the procedural history of the case, and noted that the district court had remanded the case to the ALJ to resolve a conflict between the VE's testimony, which the ALJ had relied on, and the DOT. Id. at 299. Specifically, the district court directed that on remand, the ALJ was to reconcile the apparent conflict between the VE's testimony that a telemarketer's job could be performed by an individual limited to simple, repetitive tasks and the DOT's description of the job requiring a higher skill level corresponding to a reasoning level of three. On remand, the VE testified again and explained that, "based on her twenty-five years of experience working as a vocational expert, . . . the job . . . could be performed by someone with a lower skill level than the DOT indicated." Id. at 299. Following the ALJ's explanation of the conflict, the district court affirmed the ALJ's decision denying benefits, holding that substantial evidence supported the ALJ's conclusion that Plaintiff could perform her past relevant work as a telemarketer. The Eleventh Circuit affirmed the district court's decision. Id. at 301.

Also, in a case very similar to the instant one, Jefferson v. Astrue, 2012 U.S. Dist. LEXIS 136536, *10-12, 2012 WL 4378584, *4 (M.D. Ala. 2012) (unreported), the VE testified that Plaintiff (who was limited to unskilled work) could perform three jobs which he mistakenly testified were listed as "unskilled" in the DOT, when in fact all three jobs were described in the DOT as "semi-skilled." Following the Eleventh Circuit's holding in Leonard, the court stated: "[w]hen a conflict between the VE's testimony and the DOT exists, the Eleventh Circuit requires the ALJ to elicit a reasonable explanation for the conflict before relying on the VE['s testimony]" and "[a]ny conflict must be addressed and resolved by the ALJ and explained how the conflict was resolved." Id., 2012 U.S. Dist. LEXIS 136536 at *21, 2012 WL 4378584 at *7 (quoting Leonard, 487 F. Supp. 2d at 1338-39, and SSR 00-4p) (internal quotation marks omitted). The court recognized that the ALJ had fulfilled his obligation to ask the VE if his testimony was "in accordance with the [DOT]," and the VE had responded affirmatively. Id., 2012 U.S. Dist. LEXIS 136536 at *20, 2012 WL 4378584 at *7. However, the court noted, "[a]lthough the ALJ properly met his obligation 'to inquire on the record as to whether there are any inconsistencies between a VE's testimony and the DOT,' *his ultimate conclusion was based on his reliance of mistaken testimony.*" Id. at 21 (emphasis added) (citing Leonard, 487 F. Supp. 2d at 1339). The court stated that, during his testimony, the VE "completely failed to recognize that a conflict exist[ed] between [the plaintiff's] unskilled background and the semi-skilled positions listed," and he "incorrectly" stated that one of the jobs was classified as having a "light" exertional demand, when in fact the DOT classified the job as "medium." Id., 2012 U.S. Dist. LEXIS 136536 at *22. The court concluded that, under those circumstances, "the ALJ's vocational findings were not based on substantial evidence" and remanded the case for further proceedings consistent with the court's opinion. Id.

Likewise, in the present case, the ALJ was obligated to inquire on the record as to whether there were any inconsistencies between the VE's testimony and the DOT, which she did. (Tr. at 49, 55). Unfortunately, as in Jefferson, the VE mistakenly testified that there were no inconsistencies between his testimony and the DOT and then proceeded to give faulty testimony concerning the DOT's requirements related to *all three* of the three jobs that Plaintiff purportedly could perform, one of which does not even exist in the DOT.

Defendant argues that, notwithstanding the VE's faulty testimony, the conflict was not "apparent." Therefore, according to Defendant, the ALJ was entitled to rely on the VE's unchallenged testimony and was not required to "independently confirm" that the VE's testimony was consistent with the DOT. (Doc. 19 at 14). Defendant's argument is unavailing.

In Williams v. Astrue, 2009 U.S. Dist. LEXIS 57891, *5, 2009 WL 2045339, *2 (M.D. Fla. 2009) (unreported), the court addressed a similar argument and recognized that "SSR 00-4p does not address what to do when a conflict is not apparent." The court held that, in such circumstances, the ALJ's duty under SSR 00-4p to investigate and resolve the conflict is not triggered. Id. Even so, the court also held:

> We now know, however, that there was a conflict between the Vocational Expert's testimony and the DOT as to two of the jobs [identified by the VE as jobs that plaintiff could perform despite her limitations]. . . . The Court concludes that where there is a mistake by a Vocational Expert as to the consistency of his or her evidence with the DOT, and the inconsistency goes unexplained in the record, the Vocational Expert's evidence is unreliable and therefore cannot support the ALJ's decision unless the error is harmless. Since one of the three jobs - information clerk - bears no inconsistency between the Vocational Expert evidence and the DOT, the error was harmless and the ALJ's decision can be upheld if the number of available jobs is sufficient to satisfy the Commissioner's burden at Step 5.

Williams, 2009 U.S. Dist. LEXIS 57891 at *6, 2009 WL 2045339 at *2-3 (holding that sufficient evidence supported the ALJ's decision at Step 5 of the evaluation process and, therefore, any error in the ALJ's failure to develop and explain inconsistencies related to two of the jobs identified by the VE was harmless under the facts of the case).

Unlike Williams, the error in the present case is not harmless. Despite the fact that the conflict between the VE's testimony and the DOT was not "apparent," and, arguably, the ALJ's duty to investigate and resolve the conflict under SSR 00-4p was never triggered, the fact remains that there is no evidence in this case to establish that Plaintiff can perform the requirements of *any* of the three jobs identified by the VE in this case. The VE's testimony in this case not only conflicted with the DOT, but it was faulty in its description of the DOT's requirements with respect to each job identified. Thus, there is no substantial evidence to support the ALJ's vocational findings and determination that Plaintiff can perform any of the three jobs proffered by the VE in this case. Therefore, this case must be **REVERSED** and **REMANDED**.[8]

V. <u>Conclusion</u>

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, it is hereby **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff's claim for a period of disability and disability insurance benefits is **REVERSED** and **REMANDED** to allow the Administrative Law Judge to elicit a reasonable explanation from the VE for the conflicts identified herein and to explain how the conflicts have been resolved or, alternatively, to obtain new vocational expert testimony regarding whether there is other work in the national economy that Plaintiff can

---

[8] Because this case is being reversed and remanded, the undersigned has not addressed the other issues raised in Plaintiff's brief.

perform, to find whether any conflicts exists between the opinion of the vocational expert and the Dictionary of Occupational Titles, and to resolve all conflicts on the record as required by SSR 00-49.

**DONE** this **28th** day of **March, 2014.**

                                                        /s/ **SONJA F. BIVINS**
                                              **UNITED STATES MAGISTRATE JUDGE**